```
 1                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
         BRIANNA McCARTY,                    )
 4                                           )
                        Plaintiff,           )
 5                                           )
                   vs.                       )  No. 22 C 5751
 6                                           )
         VILLAGE OF LAKEMOOR and             )
 7       CHIEF DAVID GODLEWSKI,              )
         individually and in his            )  Chicago, Illinois
 8       Official Capacity,                  )  May 1, 2024
                                             )  8:44 a.m.
 9                      Defendants.          )

10
                       TRANSCRIPT OF PROCEEDINGS
11
              BEFORE THE HONORABLE MARY M. ROWLAND
12

13       APPEARANCES:

14       For the Plaintiff:      HERBERT LAW FIRM
                                  BY:  MR. DANIEL Q. HERBERT
15                                53 West Jackson Boulevard, Suite 964
                                  Chicago, Illinois  60604
16                                (312) 655-7660

17
         For the Defendant:      PETERSON, JOHNSON & MURRAY, S.C.
18                                BY:  MR. DOMINICK L. LANZITO
                                  1301 West 22nd Street, Suite 500
19                                Oak Brook, Illinois  60523
                                  (312) 724-8026
20

21

22

23       Official Court Reporter:  NANCY L. BISTANY, CSR, RPR, FCRR
                                    219 South Dearborn Street, Room 1706
24                                  Chicago, Illinois 60604
                                    (312) 435-7626
25                                  nancy_bistany@ilnd.uscourts.gov
```

1    (Proceedings heard in open court:)

2         THE CLERK:  22 C 5751, McCarty v. Village of

3    Lakemoor.

4         MR. LANZITO:  Good morning, Your Honor.

5         Dominick Lanzito, L-a-n-z-i-t-o, on behalf of the

6    Village of Lakemoor.

7         THE COURT:  Have you spoken to plaintiff's counsel?

8         MR. LANZITO:  Your Honor, I just called his office.

9    They said he was in court.  They were going to send him a text

10   message.  That's what I did at the direction of your courtroom

11   deputy.

12        And I know before moving this from 9:00 to 8:30, my

13   assistant did reach out to his office regarding the time

14   change.

15        THE COURT:  Okay.  I was asking a broader question,

16   which is, have you spoken to him about the filing of the motion

17   for summary judgment?

18        MR. LANZITO:  I had not, Your Honor.

19        THE COURT:  Okay.  Did it surprise you?

20        MR. LANZITO:  The -- well, the -- the partial motion,

21   yes.  And I can explain why.

22        THE COURT:  Okay.

23        MR. LANZITO:  The partial motion is on the ADA claim

24   of plaintiff's.  And if that's document No. 68 -- let me put my

25   glasses on -- plaintiff is entitled to summary judgment on her

1     ADA claims because there is no question of material fact that

2     plaintiff was disabled under the ADA, a qualified individual

3     under the ADA, or was terminated because of her disability.

4            Then if you look over at document 71, which is the

5     response to our summary judgment, which is about the ADA claim

6     and the failure to accommodate, it says, at least -- at the

7     least -- and this is page 13, Your Honor -- at the very least,

8     there's a question of fact whether the defendant failed to

9     accommodate McCarty, and summary judgment must be denied.

10            The failure to accommodate is part and parcel of an

11     ADA claim.  So in one breath we're arguing there's no issue of

12     material fact in their brief -- summary judgment brief, and

13     then in our -- in response to our summary judgment, they're

14     claiming there is a material issue of fact.  So I think that

15     does raise some serious concerns.

16            THE COURT:  Right.  And I'm just trying to figure out

17     from the docket.  I see that plaintiff responded to your

18     facts -- your statement of undisputed facts.  And, you know,

19     they agree to some, dispute others.  Par for the course.

20            And then they filed undisputed facts, of course --

21     well, here he is.

22          (Attorney Daniel Q. Herbert entered the courtroom.)

23            MR. HERBERT:  Judge, I apologize.  I'm off to a bad

24     start.  I had this docketed for 9:00.

25            Dan Herbert on behalf of --

1          THE COURT:  Okay.  We moved it to 8:30.  Counsel has

2    a conflict.

3          Okay.  So we were just talking about your filing a

4    motion for summary judgment -- partial summary judgment.  So

5    can I just ask why you didn't tell me you were going to file a

6    motion for a partial summary judgment?

7          MR. HERBERT:  Judge, I wasn't trying to be deceptive

8    or sneaky.  The reason that --

9          THE COURT:  Because you are coming off as very

10    deceptive.  Let me be blunt.

11          MR. HERBERT:  Okay.  And believe me, that was not my

12    intent.

13          I didn't decide that I was going to do a partial

14    motion for summary judgment until I started getting into the

15    facts responding to the summary judgment.

16          I looked at the rules, and I had never -- I had never

17    done my own partial motion.  So I looked at the rules, and I

18    didn't see anything that said -- it said you're supposed to

19    file it simultaneously with -- with the response.

20          So that's why, Your Honor.

21          THE COURT:  Okay.  Because it's normally the practice

22    when a plaintiff says, look, I'm going to ask for summary

23    judgment, too -- which happens, it's not out of the ordinary;

24    it's not the norm, but it happens -- that we do cross-motions.

25    Just it's efficient, and then people are putting their facts

1  out there.

2          And both lawyers are telling me there's not disputed

3  facts here.  So we are ready -- we are not going to have a

4  trial in this case, most likely.  Great.  And we agree on the

5  facts, but there's a legal dispute here.  Okay.  Fine.  We can

6  go from there.

7          So -- and we have -- I recall in this case you needed

8  quite a bit of time to respond, which is fine.  You're busy.

9  Maybe you're busy with legal things.  Maybe you have stuff

10 going on in your personal life.  That's fine.

11         It's odd to me that you ask for all that time, and

12 then you throw down a summary judgment motion.  So to me it

13 reads like, oh, I need all this time because I'm actually going

14 to throw down a summary judgment motion.

15         MR. HERBERT:  Yes.

16         THE COURT:  That's why you look very deceptive.  I

17 don't know you, but that's my impression of you right now.

18         Now, on top of that --

19         MR. HERBERT:  If I --

20         THE COURT:  Hold on.

21         MR. HERBERT:  I'm sorry.

22         THE COURT:  Now, on top of that, you filed a response

23 to the motion -- their motion for summary judgment saying --

24 which is normal, saying, there's disputed facts here.  We need

25 a trial on this.  Very normal for a plaintiff's lawyer to say

1  that.  Defendant is all wrong.  We have disputed facts.  Give

2  me a trial.  I'm happy to read that and figure that out.

3          But now you're filing a motion for summary

4  judgment -- partial summary judgment saying there are no

5  disputed facts on the ADA claim.  We don't need a trial.

6          So my head is spinning, right?  We either need a

7  trial or we don't need a trial.  So I don't know quite what to

8  do with that.

9          On top of it, as you know now, I have got to give

10  them time to respond to the motion for summary judgment if I

11  let you keep it on file.  And I'm trying to watch the docket.

12  This is what I was talking to Mr. Lanzito about.

13          I'm not -- you've responded to their request -- their

14  facts.  You haven't filed your own facts in opposition to the

15  motion for summary judgment, if I'm reading the docket

16  correctly, Mr. Lanzito, but then he's filed his own facts in

17  support of his motion for summary judgment.

18          So am I supposed to understand those facts as being

19  opposed to your motion for summary judgment?

20          MR. LANZITO:  Your Honor, I think it's incorporated

21  in his response, our statement of facts.  There's --

22          THE COURT:  There's facts at the bottom?

23          MR. LANZITO:  There's a statement of additional facts

24  below it.

25          THE COURT:  Okay.

1    MR. LANZITO:  I don't know if that's how it was

2  entitled on the document, but -- so I think there's close to 40

3  there and then close to 80 in his statement.  So there's

4  another 120 of additional statement of facts.

5    THE COURT:  Okay.  I wasn't sure that was covered.

6    So I'm concerned because you seem to be making

7  contradictory arguments about the ADA claim, and I don't want

8  to waste my time with two motions pending where you make

9  contradictory arguments, because I know your time is valuable,

10  but so is mine.

11    So what are we going to do?

12    MR. HERBERT:  First of all, Judge, I want to

13  reiterate, I was not being deceptive.  I literally -- when I

14  started to respond to this, I came to the conclusion that there

15  is no disputed facts regarding the ADA claims, so that's why I

16  did a partial motion for summary judgment.

17    THE COURT:  Okay.  But you know that you responded to

18  his motion for summary judgment saying there are disputed

19  facts.  So do you want to revisit that, because that's what you

20  told him?

21    MR. HERBERT:  Right.  And it was my understanding

22  that -- you know, that I'm saying that these facts are

23  undisputed in support of my partial motion for summary

24  judgment.

25    In response to their motion for summary judgment, I'm

1   saying that these facts create a question of fact.  And so I

2   don't know if I see it as contradictory, but I had never

3   thought about it that way.

4               THE COURT:  So she's either a qualified person with a

5   disability that hasn't been accommodated -- it's either your

6   position that she is that, or it's your position that she is

7   not that.

8               It's their position that she's not a qualified

9   person, I assume.  I don't know.  I haven't studied your

10  briefing.  But it's the village's position that she's not a

11  qualified person with a disability, meaning that she can

12  perform the jobs with reasonable accommodations.  I mean,

13  there's a lot of legal definitions of who is a qualified

14  person.

15              And I don't know what your position is, but as I

16  understand it, briefly reviewing the briefs -- I haven't dug

17  in -- when you opposed their motion, you said there are

18  disputed facts here as to whether or not she qualifies under

19  the ADA.  Line them up.  Get me a jury.

20              Then you turned around on the same day and filed a

21  motion for summary judgment that says, Judge, we don't have a

22  disputed fact here.  It's a matter of law.  She's qualified

23  under the ADA, and they discriminated against her.

24              So what am I doing?

25              MR. HERBERT:  Well, I guess the -- my understanding

1    was -- and if I'm wrong, believe me, I will correct it -- but

2    my understanding was it was in the alternative.  It was there

3    are no disputed facts regarding the ADA claims; and in the

4    alternative, if Your Honor finds that there are disputed facts,

5    then there is a question of fact that remains with respect to

6    the ADA claims.  And, again, Judge, I --

7            THE COURT:  Mr. Lanzito, what's your position?  Your

8    position -- well, go ahead.

9            MR. LANZITO:  Your Honor, my position is, one, we

10   filed based on there are no disputed issues of fact.  Based on

11   the testimony of Dr. Kroll, her psychiatrist, the -- you know,

12   the treating expert at the time, she's not qualified.  She's

13   not able to perform the essential job duties of a police

14   officer with or without a reasonable accommodation per her

15   testimony per the disability finding.

16           And that's a legal determination as well as, Your

17   Honor, the dispute here is what is a reasonable accommodation.

18   And that's -- that's in the response and replete that light

19   duty is a -- permanent light duty is a reasonable

20   accommodation.

21           Well, there's case law to the contrary.  We cited it.

22   I don't think the response addresses any of that.  So it is

23   contradictory to say in one breath there is a disputed issue of

24   fact with respect to what the defendants are saying.  Now, you

25   may dispute the law, but the brief clearly says there's a

1   disputed issue of fact on the ADA claim when we're moving for

2   summary judgment.

3           When plaintiff is moving for summary judgment, it's

4   just the opposite.

5           So there's no gray area.  There's no alternative.

6   Like you said, Your Honor, there either is a material issue of

7   fact or there is not a material issue of fact that would

8   preclude, you know -- you know, either warrant or preclude

9   summary judgment in this case.

10          THE COURT:  Right.  Well, I'm not going to decide the

11  summary judgment motion today.  I'm trying to decide whether or

12  not to let you pursue your motion for summary judgment.

13          MR. HERBERT:  Judge, I see it as an alternative.  I

14  don't see it as being one or the other.  I don't.

15          I still maintain that with respect to the ADA claim,

16  there is no question of fact that she's a qualified individual;

17  she was denied a reasonable accommodation; and she was --

18  suffered an adverse job action as a result of her disability.

19          THE COURT:  Right.  And I understand that that is

20  your position in opposing their motion.

21          My question is your decision to move for summary

22  judgment yourself where you're telling me there's no questions

23  of fact in dispute, and you're entitled to summary judgment.

24  And my sense is that's a contradictory position, not in the

25  alternative.  I know we can often argue in the alternative.

1    That happens all the time.

2           My sense is, having done a lot of employment cases as

3    a practitioner and then on the bench, that what you're doing is

4    not in the alternative.  It's contradictory.

5           So this is what I'm going to do.  I'm not going to

6    set briefing on your summary judgment brief yet, because I

7    think it's a waste of time.  And he's -- he's got to bill for

8    that, and it takes a lot of energy to respond and time to

9    respond to a motion for summary judgment, as you know, because

10   you needed two months to do it.

11          So I'm going to give you until Monday to file a

12   one-sentence status report with me whether you want to pursue

13   the motion for summary judgment.  If you do, I'm going to let

14   you do it.  If I rule against you on the motion for summary

15   judgment, you're paying his fees on the motion for summary --

16   on responding to the motion for summary judgment.

17          Okay.  Now, maybe you'll win the motion for summary

18   judgment, so good for you.  But if you lose it, you're paying

19   his time to respond to it, because I think what you're doing --

20   and I haven't studied it.  It just got filed two days ago.  I'm

21   not in this case.  I'm in a -- other cases are ahead of you,

22   but I'm just looking at it in a cursory way.  I've never seen

23   anybody do this before.

24          MR. HERBERT:  Okay.

25          THE COURT:  Okay?  So that's just like a word of --

1  that's just a thought.

2  So if you want to pursue it, I'm leery about just off

3  the cuff striking it, so I'm giving you a chance here.  But I

4  think what you're doing -- I think you should look at what

5  you're doing, and you should see, did I make completely

6  contradictory arguments?

7  I'm going to let you do it, but if in the end -- you

8  might win the summary judgment ruling.  Like, he might lose the

9  summary judgment ruling, and you get a trial.

10  MR. HERBERT:  Yeah.

11  THE COURT:  But if you lose your summary judgment

12  motion and he spends 30 hours responding to it or whatever it

13  is -- keep track of your hours -- then you got to pay him his

14  time.

15  MR. HERBERT:  Judge, if I can make it even easier.

16  Given your reservations and your representation that you have

17  never seen this before -- again, I did research it to see, and

18  my understanding was it was appropriate.

19  Now, given your reservations, Judge, I am willing to

20  remove my partial motion for summary judgment and just proceed

21  on the response to defendant's motion for summary judgment.

22  THE COURT:  I'm happy to give you until Monday to

23  think about it, because he's not going to be working on it

24  between now and then.  So if you want to think about it or

25  consult with your client or anything like that, I'm happy to do

1  that.

2          I'm not going to be working on it between now and

3  then.  That's for sure.  So if you want to think about it, you

4  can file something on Monday.  If you want to do that in open

5  court, I'll strike it from the docket this afternoon.

6          MR. HERBERT:  Judge, we can strike it from the

7  docket.

8          THE COURT:  Okay.

9          MR. LANZITO:  Your Honor, there's just a couple

10 matters of housekeeping then, if I may.

11         THE COURT:  Yes.

12         MR. LANZITO:  I don't know if Mr. Herbert was done.

13         One, I think pursuant to Rule 7 -- local Rule 7.1,

14 any excess brief has to have a table of contents, table of

15 authorities.  So if we could just make sure the record is

16 correct with the response it has those.

17         In addition, based on the response, I noticed there

18 was inadvertently exhibits to a deposition transcript that were

19 omitted with the filing.  And just to complete the record, I

20 mean, they're referenced by Bates stamp as well as exhibit

21 number.

22         But just for the Court's and the completeness of the

23 file and the record in this case, I would ask that we be

24 granted leave to file those exhibits.

25         I don't think they're a surprise.  They're identified

1    by deposition and exhibit number to that deposition.

2              THE COURT:  This is plaintiff's response?

3              MR. LANZITO:  This is our motion to the statement --

4    with the statement of facts.  We cited to exhibits --

5              THE COURT:  Oh, okay.

6              MR. LANZITO:  -- deposition exhibits, and the

7    transcript was attached, but the exhibits were not with the

8    transcript.

9              THE COURT:  Okay.

10             MR. HERBERT:  No objection.

11             THE COURT:  Okay.  So you're going to file some

12   exhibits.  Okay.  I'll grant that.

13             And you're talking about a table of contents for

14   plaintiff's response?

15             MR. LANZITO:  Right.  7.1 requires, and that's -- I

16   think that was in our -- we did a motion to assert our

17   objection.

18             THE COURT:  Right, you did.

19             MR. HERBERT:  Judge, I'll tell you that our filing

20   was kind of a disaster.  And, you know, I have an assistant --

21   not to bore the Court, but I have an assistant that's been with

22   me for 14 years, and she is sick, and it's affecting her work,

23   but she's been able to -- she's done this for 14 years for me,

24   but she had a lot of problems on this.

25             So I think we filed a motion to correct the record,

1    because some of the exhibits we filed were not properly
2    labeled, so --
3                THE COURT:  Okay.
4                MR. HERBERT:  -- and I think that motion is still
5    pending.
6                THE COURT:  Okay.  So I see your response.  It's 21
7    pages.  That is -- and so that needs a table of contents.  So
8    that's docket entry 71.
9                So have your office clean that up.  You have to have
10   a table of contents, even though it makes the thing longer
11   but -- so clean that up.
12               And I don't see -- yes, I see a motion by plaintiff
13   to file corrected exhibits, so -- well, that's corrected
14   exhibits to your partial motion for summary judgment.
15               MR. HERBERT:  Okay.
16               THE COURT:  So you don't really need that anymore.
17               MR. HERBERT:  All right.
18               THE COURT:  So I'll deny that as moot, and I'll
19   strike the motion for partial summary judgment.
20               Motion by plaintiff McCarty for leave to file
21   exhibits to your response to defendants' motion for summary
22   judgment, I'll grant that, because you need that.
23               And then motion by McCarty to -- about the statement
24   of facts -- to file your motion for a statement of facts.  So
25   I'll grant that.

1          Okay.  And so then I have your response to the motion
2     for summary judgment.
3          Okay.  So everybody is square?
4          MR. LANZITO:  And just a housecleaning --
5     housekeeping on the docket, we filed ours or styled ours as a
6     motion.  I guess that would be granted in part and denied in
7     part.  That was filed yesterday.
8          THE COURT:  Yes.
9          MR. LANZITO:  And then we would also be granted leave
10    to file the supplement -- or the corrected exhibits.
11          THE COURT:  Corrected exhibits to what, though?
12          MR. LANZITO:  I believe it was Chief Godlewski's
13    deposition had exhibits appended thereto.
14          THE COURT:  Okay.  But this is way back when you
15    filed your motion for summary judgment?
16          MR. LANZITO:  That's correct, Your Honor.
17          THE COURT:  Okay.  So you're going to file a
18    corrected -- you're going to file exhibits that were supposed
19    to be attached to your motion for summary judgment?
20          MR. LANZITO:  Yes.
21          THE COURT:  Okay.  All right.  Thanks, guys.
22          MR. HERBERT:  Okay.  Judge, and just finally, I
23    apologize.  First of all, I was late today, which is
24    unexcusable.  I had it misdocketed.
25          And also I apologize if I gave the Court any

1    indication that I was trying to be deceptive.  I was not.

2                    THE COURT:  Okay.

3                    MR. HERBERT:  But I understand your --

4                    THE COURT:  I look forward to working with you.

5                    MR. HERBERT:  Thank you very much.

6                    THE COURT:  Have a good day.

7                    THE CLERK:  This court stands in recess.

8             (Proceedings concluded.)

1

C E R T I F I C A T E

2

3

4          I, Nancy L. Bistany, certify that the foregoing is a

5    complete, true, and accurate transcript from the record of

6    proceedings on May 1, 2024, before the HON. MARY M. ROWLAND in

7    the above-entitled matter.

8

9

10   */s/ Nancy L. Bistany, CSR, RPR, FCRR*          May 17, 2024

11       Official Court Reporter                      Date
         United States District Court
12       Northern District of Illinois
         Eastern Division
13

14

15

16

17

18

19

20

21

22

23

24

25