IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA MCCARTY,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF LAKEMORE,<br><br>Defendant. | Case No. 22-cv-05751<br><br>Judge Mary M. Rowland |

### MEMORANDUM OPINION AND ORDER

Plaintiff Brianna McCarty ("McCarty") sued her former employer, the Village of Lakemoor ("the Village"), alleging that the Village discriminated against her and created a hostile work environment in violation of the American with Disabilities Act (the "ADA"), Title VII, and the Illinois Human Rights Act (the "IHRA"). On September 23, 2024, the Court granted the Village's motion for summary judgment on all counts [89]. McCarty filed a motion for reconsideration, which the Court denied on May 14, 2025 [105]. Subsequently, the Village filed a motion for sanctions, [108], and McCarty appealed the Court's order denying McCarty's motion for reconsideration. [106]. The Court of Appeals suspended appellate briefing pending this Court's resolution of the Village's motion for sanctions. For the following reasons, the Village's motion for sanctions [108] is denied.

### LEGAL STANDARD

"Federal Rule of Civil Procedure 11(b) requires attorneys presenting a pleading or other paper to the court to certify, among other requirements: (1) the pleading or

1

other paper is not being provided to unnecessarily delay or needlessly increase the cost of litigation; (2) the claims are supported by existing law or a nonfrivolous argument for modifying the law; and (3) the factual contentions have evidentiary support." *Mazurek v. Metalcraft of Mayville, Inc.*, 110 F.4th 938, 942 (7th Cir. 2024) (citing Fed. R. Civ. P. 11(b)). Rule 11 sanctions are designed to deter baseless filings. *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994). Rule 11 is an objective standard with its continuing duty at all stages. *See Brown v. Nat'l Bd. of Med. Examiners*, 800 F.2d 168, 171–72 (7th Cir. 1986) ("The standard for imposing sanctions under Rule 11 is . . . an objective question of 'reasonableness under the circumstances," and "[u]nder Rule 11 an attorney risks sanctions for failing to make a reasonable inquiry into both the factual and legal basis for the claim he asserts.") (citing Fed. R. Civ. P 11 advisory committee note)).

## BACKGROUND

The Court assumes familiarity with the facts of the case and recounts only those facts relevant to resolving the Village's motion for sanctions.

In 2018, McCarty, then a police officer with the Village, was involved in a shooting. [70] ¶ 5. Thereafter, she was placed on administrative leave and was diagnosed with acute stress reaction. [70] ¶ 9. By October of 2018, she was placed on light duty, which she worked intermittently until she was terminated in August 2019. [62] ¶ 55. At that time, she could not perform the normal duties of a police officer, but she maintained that she could perform the responsibilities of her light duty job. [62] ¶ 53.

On April 15, 2019, McCarty submitted a duty disability application to the Lakemore Police Pension fund. [70] ¶ 52. A hearing on her application was held on March 17, 2021 (the "Penson Hearing"). [15]. During the hearing, her attorney argued that she would "never be able to return to work" because of an incident that occurred in 2018. [62] ¶ 60. McCarty also testified during the Pension Hearing that she had no issues working on light duty before being terminated. *See, e.g.,* [15] at 108. McCarty was awarded full duty disability benefits and accepted those benefits on August 4, 2021, [62] ¶ 60.

On October 19, 2022, McCarty filed her first complaint in this action. [1]. She alleged that she was a qualified individual under the ADA and was able to perform her job as a police officer with the Village "with and/or without a reasonable accommodation." [1] ¶ 7.

On January 9, 2023, counsel for the Village sent counsel for McCarty a Rule 11 safe harbor letter. [11] at 9. The Village wrote to tell McCarty's counsel that it would move for sanctions because McCarty's position in the Pension Hearing was factually incompatible with McCarty's position in this action. To wit, the Village argued that it could not both be true that (1) McCarty would "never be able to work" as she argued at the Pension Hearing and also that (2) she could work with or without reasonable accommodation as she alleged in her complaint. Ten days later, McCarty filed an amended complaint, which omitted the allegation that she could work without any accommodations and alleged only that she could work *with* reasonable accommodations. [13] ¶ 9. In subsequent filings, McCarty explained that her

3

allegation in the original complaint that she could work without reasonable accommodations was a clerical error. [20] at 3.

On February 16, 2023, Defendants filed a motion to dismiss [14] and a motion for sanctions [15]. The Court granted in part and dismissed in part the motion to dismiss and denied without prejudice the motion for sanctions. Although the Court found the apparent factual inconsistency to be "unusual, even troubling," [31] at 7, the Court in its discretion declined to award sanctions based on the then-available evidence.

In its summary judgment briefing, the Village argued that it should be awarded judgment on McCarty's ADA claim because, among other reasons, McCarty was judicially estopped from pursuing her ADA claim in light of her representations in the Pension Hearing. [63] at 11-12. The Court awarded the Village judgment on the ADA claim, but it did so on the basis that McCarty was not a qualified individual under the ADA and that she refused reasonable accommodations; the Court did not reach McCarty's judicial estoppel argument. [89] at 16 n.7

In the sanctions motion now before the Court, the Village argues that McCarty should be sanctioned primarily because she should have known her ADA claim was frivolous from the start given that she took an inconsistent position during the Pension Hearing. [108] at 8. The Village also argues that McCarty's Title VII and IHRA claims were frivolous because the evidence on summary judgment showed that she could not satisfy the elements of either claim. *Id.*

**ANALYSIS**

4

In *Cleveland v. Policy Management Systems Corp.*, the Supreme Court considered the circumstances in which a plaintiff is barred from bringing an ADA claim based on representations they made to obtain Social Security disability[1] benefits. 526 U.S. 795 (1999). *Cleveland* explains that "a person who applied for disability benefits must live with the factual representations made to obtain them, and if these show [an] inability to do the job then an ADA claim may be rejected without further inquiry." *Opsteen v. Keller Structures, Inc.*, 408 F.3d 390, 392 (citing *Cleveland*, 527 U.S. 795).

McCarty's testimony in the Pension Hearing undoubtedly demonstrate an inability to do the job as it existed at the time of hearing. But she also testified that she was only unable to do the job *after* the Village eliminated the light duty role that she had worked in between the time of the shooting in 2018 and her termination in August 2019. *See, e.g.,* [15] at 88. In this action, McCarty argued that the Village violated the ADA by *eliminating* that light duty role. *See* [71] at 8, 10. It is not factually inconsistent to claim in the Pension Hearing that (1) given the elimination of the light duty role, she could not work as a police officer and (2) later argue in federal court the Village violated the ADA by firing her after eliminating the light duty role. This Court determined that McCarty was ultimately wrong on the law—the ADA imposes no obligation on the Village to create a permanent light duty role, *see Gratzl v. Office of Chief Judges*, 601 F.3d 674, 680 (7th Cir. 2010)—but that does not make it frivolous for her to have made the argument. *See Corley v. Rosewood Care Ctr., Inc. of Peoria*,

---

[1] Although *Cleveland* deals with Social Security disability benefits, the Seventh Circuit has applied its analysis to statements made before a local pension board. *Butler v. Vill. of Round Lake Police Dep't*, 585 F.3d 1020, 1022 (7th Cir. 2009).

5

388 F.3d 990, 1014 (7th Cir. 2004) ("The fact that the underlying claim turned out to be groundless does not necessarily mean that Rule 11 sanctions are appropriate (much less required).").

The same goes for McCarty's other claims. For example, the Village argues that it was frivolous for McCarty to bring a Title VII claim because she did not identify any similarly situated officers who were treated more favorably. [108] at 8. But McCarty *did* identify certain officers who were allowed to stay on light duty longer than McCarty was. The Court ultimately agreed with the Village that there were relevant differences with respect to each of those officers such that McCarty could not rely on them to withstand summary judgment. [89] at 20. But the differences were not so obvious that McCarty should be sanctioned for attempting to make the argument.

The Village makes much of these kinds of failures in McCarty's attempt to oppose summary judgment. *See generally* [108]. The Village is right insofar as McCarty *did* fall short; McCarty's inability to adequately defend her claims is why the Court awarded the Village summary judgment on all counts. But the Court does not believe McCarty's shortcomings were so obvious as to warrant sanctions.

## CONCLUSION

For the stated reasons, the Village's motion for sanctions [108] is denied.

E N T E R:

Dated: December 10, 2025

_____
MARY M. ROWLAND
United States District Judge